## Ex parte Barton.

5-3211                                              373 S. W. 2d 411

Opinion delivered December 23, 1963.

*Andrew Henry*, attorney for appellant.

Response by Bar Rules Committee, by E. B. Dillon, Jr., Little Rock, for appellee.

Sam Robinson, Associate Justice. The petitioner is a lawyer whose license to practice law was suspended on the 22nd day of October, 1962, by an order of the Pulaski Circuit Court, the Honorable Charles Light, Judge of the Second Judicial District, presiding on exchange; the suspension was for a period of three years. The petitioner is now asking this court to revoke the suspension and restore her license to practice at this time, more than a year having expired since the date of the suspension.

The disbarment proceeding was prosecuted in the Circuit Court by the Bar Rules Committee of this court,

and the committee is resisting the petition for revocation of the suspension. The charge in the disbarment proceeding was that the petitioner had converted to her own use about $2,500.00 belonging to a client. The client has long since been paid in full; in fact, payment was made prior to the issuance of the order of suspension.

No doubt petitioner committed a grievous offense in using her client's money at all, even though she may have intended to use it only for a short time. The Bar Rules Committee has done its full duty in prosecuting the disbarment proceeding and in resisting the petition for reinstatement, and we want to take this opportunity to thank the fine lawyers on that committee for their devotion to duty and their diligence in performing the work of the committee.

The question before the court at this time is not the guilt or innocence of the petitioner, but whether it would be better for everyone concerned to restore petitioner's license at this time, or that it be restored only after the full three year period has expired. The wrongful act committed by petitioner was not of such magnitude as to call for a complete disbarment, but it appeared that it would not be best for the public to allow petitioner to go unpunished. The idea of punishment is not to wreak vengeance upon the wrongdoer, but to reform the wayward and deter others. The spirit of revenge has no place in our procedure.

Through the proceedings in this case it has now been conclusively demonstrated that a lawyer's misapplication of a client's money will not be tolerated. The attorney has been severely punished. We cannot see where further punishment would benefit the petitioner or the public. Furthermore, we think this is a situation where the application of the quality of mercy will not be misplaced.

The petition is granted. Petitioner's license to practice law is hereby restored.

HARRIS, C. J. and McFADDIN and GEORGE ROSE SMITH, JJ., dissent.

Ed. F. McFADDIN, Associate Justice (dissenting). I do not agree with the Majority Opinion which grants the Petition for Reinstatement at this time.

On October 22, 1962, the Circuit Court entered an order suspending for a period of three years the petitioner's right to practice law. If the Petitioner thought the said order too severe, she should have appealed the order to this Court. In the absence of a direct appeal, I cannot indulge the presumption that the Circuit Court judgment was incorrect.

The Petitioner has waited a little over a year (one-third of the suspension period), and now asks this Court to grant her a reinstatement. The Majority, in exercising ''the quality of mercy'', is proceeding either on the theory that the Petitioner, having served one-third of the period of the judgment suspension, is now entitled to parole for the remaining two years; or on the theory that the original judgment was too severe. On either theory I do not agree with the Majority. The right to practice law should not be considered on the same basis as that of paroles and pardons. Neither should we indulge the presumption that the original judgment was too severe when—as here—the Bar Rules Committee is resisting the petition in this Court, and the Petitioner has not presented us with any statement from the Trial Judge that he favors reinstatement at this time. Furthermore, the Petitioner is not supported by the recommendation of any members of the Bar.

Therefore, I would deny the Petition for Reinstatement at this time.

HARRIS, C.J. and GEORGE ROSE SMITH, J. join in this dissent.